731 P.2d 632

**TRAVELERS INDEMNITY COMPANY,
a Connecticut corporation,
Plaintiff/Appellant,**

v.

**MUTUAL INSURANCE COMPANY OF
ARIZONA, an Arizona corporation,
Defendant/Appellee.**

**No. 2 CA–CV 5766.**

Court of Appeals of Arizona,
Division 2, Department A.

Dec. 11, 1986.

Christopher D.C. Hossack by Kathy I. Zatari, Phoenix, for plaintiff/appellant.

Lewis and Roca by Roger W. Kaufman, Beth J. Schermer and James K. Kloss, Phoenix, for defendant/appellee.

OPINION

HOWARD, Presiding Judge.

This appeal, from the granting of a motion for summary judgment, involves a dispute between two insurance companies as to which one insured Dr. DeBoer and Associated Dermatologists, P.C., for the injuries sustained by DeBoer's patient, Calvin Dotson.

As a result of DeBoer's alleged negligent failure to properly diagnose a lesion removed from Dotson's back, the lesion began to grow internally sometime in 1979 and developed into a malignant melanoma. The alleged misdiagnosis occurred sometime between August 12 and August 26, 1976. DeBoer did not provide any services to Dotson after August 26.

In September of 1981, Dotson filed a medical malpractice action against DeBoer and Associated Dermatologists based on DeBoer's misdiagnosis. In a motion for summary judgment DeBoer contended that the three-year statute of limitations began to run in 1976 and that the claim was time barred. In the case of *DeBoer v. Brown*, 138 Ariz. 168, 673 P.2d 912 (1983), our Supreme Court held that the three-year statute of limitations began to run on the date of the injury, which was when the lesion began to grow in 1979, and remanded the case for further proceedings.

Travelers Indemnity Company (Travelers) had issued a policy insuring DeBoer and Associated Dermatologists, P.C., for the policy period from August 28, 1975, to August 28, 1976. After remand, Travelers tendered the defense to Mutual Insurance Company of Arizona (MICA) which insured Dr. DeBoer and Associated Dermatologists for the policy period commencing August 28, 1976 to date. MICA refused to accept the defense, and Travelers filed this action for declaratory judgment. The parties filed cross-motions for summary judgment. The trial court granted MICA's motion, denied Travelers' motion and entered judgment in MICA's favor.

The determination of which company covered Dr. DeBoer and Associated Dermatol-ogists depends upon the language of the respective insurance policies. Travelers' policy provided coverage to Dr. DeBoer and Associated Dermatologists during the policy period for any:

"... injuries arising out of the rendering of or failure to render, during the policy period, professional services in the practice of the profession described in the declarations by any person for whose acts or omissions the partnership *insured* is legally responsible...." (Emphasis in original)

Under its policy, MICA agrees:

"TO PAY on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages, including damages for care and loss of services, because of any claim or claims made against the Insured during the policy period arising out of injuries resulting from professional services rendered or which should have been rendered subsequent to the retroactive date...."

The language of both policies is clear and unambiguous. The important date under the Travelers policy language is not the date of the injury but the date the services were rendered or should have been rendered. It is an "occurrence" policy which protects the policy holder from liability for any act done while the policy is in effect. See *St. Paul Fire & Marine Insurance Company v. Barry*, 438 U.S. 531, 535 n. 3, 98 S.Ct. 2923, 2926 n. 3, 57 L.Ed.2d 932 (1978).

The MICA policy is a modified "claims made" policy. Under the MICA policy the claim must be against the insurance company during the policy period *but* the malpractice must have occurred subsequent to the retroactive date, which is in this case, August 28, 1976. Dr. DeBoer's malpractice did not take place subsequent to August 28, 1976, thus the MICA policy does not cover Dotson's claim. Since the malpractice took place during the policy period of the Travelers insurance policy, the Travelers' policy covers Dotson's claim.

MICA has requested and is entitled to attorney's fees which shall be determined

upon MICA's compliance with Rule 21(c), Rules of Civil Appellate Procedure, 17A A.R.S.

Affirmed.

HATHAWAY, C.J., and FERNANDEZ, J., concur.